**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael Steven WRIGHT,
Defendant-Appellant.**

**No. 16-10062**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16,
2017 Honolulu, Hawaii

Filed June 29, 2017

Marc A. Wallenstein, DOJ—Office of the US Attorney, Honolulu, HI, for Plaintiff-Appellee

Alexander Silvert, Assistant Federal Public Defender, FPDHI—Federal Public Defender's Office (Honolulu), Honolulu, HI, for Defendant-Appellant

Before: FISHER, PAEZ, and NGUYEN, Circuit Judges.

**MEMORANDUM ***

Michael Wright appeals the district court's sentence following his guilty plea

---

\* This disposition is not appropriate for publication and is not precedent except as provided

for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The record does not support Wright's argument that the district court plainly erred by holding him responsible for the conduct of another. Wright personally possessed with intent to distribute the package containing methamphetamine, and therefore the district court's use of methamphetamine to set Wright's guideline range merely held him responsible for his own conduct. *See* U.S.S.G. § 1B1.3(a)(1) (defining scope of relevant conduct for which a defendant may be held responsible); *see also United States v. Salazar*, 5 F.3d 445, 446 (9th Cir. 1993) (finding a defendant who helped to import drugs personally responsible for the type and quantity of drugs actually imported, even when he claimed that he had been misled as to drug type).

2. The district court correctly used methamphetamine (instead of marijuana) to calculate Wright's sentencing guideline range, despite the fact that Wright thought the package contained marijuana. Unlike drug type and quantity, a defendant's *knowledge* of drug type and quantity is not a fact that must be admitted or proved beyond a reasonable doubt. *United States v. Jefferson*, 791 F.3d 1013, 1019 (9th Cir. 2015); *see also United States v. Soto-Zuniga*, 837 F.3d 992, 1004–05 (9th Cir. 2016).

**AFFIRMED.**

by Ninth Circuit Rule 36-3.